

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-2003

# Anisovich v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4377

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Anisovich v. Atty Gen USA" (2003). *2003 Decisions.* Paper 282.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/282

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4377

YURIY VIKTOROVICH ANISOVICH,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
of the United States,

Respondent

On Appeal from an Order Entered in
The Board of Immigration Appeals
(No. A 71 214 854)

Submitted Under Third Circuit LAR 34.1(a)
July 31, 2003

Before: SCIRICA, Chief Judge, RENDELL and AMBRO, Circuit Judges

(Opinion filed September 9, 2003)

OPINION

AMBRO, Circuit Judge

The Immigration and Naturalization Service ("INS") began removal proceedings against

petitioner Yuriy Viktorovich Anisovich, who sought asylum and withholding of deportation

under the Immigration and Nationality Act ("INA"). Denied relief by the Immigration Judge ("IJ"), Anisovich appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision. Anisovich subsequently filed this petition for review, a petition that we dismiss.

## I.    Background

### A.    Facts and Procedural History

Anisovich is a native of the Ukraine who was admitted to the United States as a refugee on September 8, 1994, and became a lawful permanent resident on October 4, 1995. On June 11, 1998, Anisovich pleaded guilty to one charge of illegal use of a credit card and was sentenced to a three-year term of probation. On September 7, 1999, the INS[1] initiated removal proceedings against Anisovich under INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i), as an alien convicted of a crime of moral turpitude. An IJ found Anisovich removable on March 23, 2001.

Anisovich applied for asylum, withholding of removal and protection under the Convention Against Torture. A full merits hearing was held on April 10, 2002. Anisovich described the persecution he had suffered in the Ukraine on account of his Jewish religion and ethnicity. While the IJ found that Anisovich had suffered past persecution, he denied him relief from removal. He noted that Anisovich's testimony was credible and consistent with the written statements submitted with his application and found that Anisovich had suffered past persecution on account of his Jewish ethnicity and religion. However, the IJ also found that country conditions in the Ukraine had changed. As a result Anisovich no longer had a well-founded fear

---

[1]As a result of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002), the INS has ceased to exist as an agency within the Department of Justice and its enforcement functions have been transferred to the Department of Homeland Security.

2

of government-condoned persecution and was not, therefore, eligible for asylum. The IJ denied him withholding of removal under the INA because, absent a well-founded fear of persecution, Anisovich could not demonstrate a clear probability that he would be persecuted. Finally, because there was no evidence that the Ukranian Government would torture or acquiesce in the torture of Anisovich, the IJ denied him withholding of removal under CAT.

The BIA upheld the IJ's decision on November 5, 2002. Based on the country condition information in the record, it concluded that a preponderance of the evidence supported the IJ's finding that Anisovich did not have a well-founded fear of future persecution. This petition for review followed.[2]

### B.    Statutory Scheme

#### 1.    Asylum

The Attorney General may grant asylum to an alien who demonstrates that he or she is a refugee. INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A refugee is someone who is unable or unwilling to return to his or her country because of a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1158(b)(1).

An applicant is eligible for asylum on the basis of past persecution if he or she can show: "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the

---

[2]This Court has jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001).

3

government is either 'unable or unwilling' to control." Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).  A showing of past persecution creates a rebuttable presumption of future persecution. Ezeagwuna v. Ashcroft, 301 F.3d 116, 126 (3d Cir. 2002) (citing 8 C.F.R. § 208.13(b)).  That presumption can be rebutted by the Government through the presentation of evidence that there has been a fundamental change in circumstances in the country of persecution (generally referred to as "changed country conditions") such that an applicant no longer has a well-founded fear of persecution, or that the alien could avoid future harm by relocating within the country.  Id. at 126-27 (citing 8 C.F.R. §§ 208.13(b)(1)(i)(A)-(B), 208.16(b)(1)); In re N-M-A-, 22 I&N Dec. 312 (BIA 1998).   If the Government meets this burden, the alien must establish a well-founded fear of future persecution in order to be eligible for asylum.  Id.

An applicant is eligible for asylum because of his or her fear of future persecution upon showing both that he or she possesses a genuine fear (the subjective test) and that a reasonable person would fear persecution if returned to that country (the objective test).  Gao, 299 F.3d at 272.  Aliens bear the burden of supporting their asylum claims through credible testimony.  Id. Testimony, if credible, is by itself sufficient to meet this burden. 8 C.F.R. § 208.13(a).

> 2.      Withholding/Deferral of Removal

An alien is eligible for withholding of removal under the INA if he or she can provide objective evidence demonstrating that it is more likely than not that he will face persecution. Chang v. INS, 119 F.3d 1055, 1066 (3d Cir. 1997).  That person also is eligible for withholding or deferral of removal under CAT if he or she can demonstrate that "it is more likely than not that he or she will be tortured if removed."  Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2))).  Torture is defined as the "intentional infliction of severe

4

mental physical or physical pain and suffering by a public official, a person acting in an official capacity, or by a person acting with the consent or acquiescence of a public official." 8 C.F.R. § 208.18.

## II.    Discussion

We review the BIA's decision under the substantial evidence standard. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001) (citing INS v. Elias-Zacarias, 502 U.S. 478 (1992)). Findings of fact made by the IJ will be upheld to the extent that they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Elias-Zacarias, 502 U.S. at 481 n.1. Under this deferential standard, we may reverse only if we conclude "that the evidence not only supports [the opposite] conclusion but compels it." Elias-Zacarias, 502 U.S. at 481 n.1 (emphasis in text).

It is this standard of review that dictates the outcome of this case. The BIA concluded that a preponderance of the evidence supported the IJ's finding that country conditions in the Ukraine had changed, making Anisovich's fear of future persecution at the hands of the Government no longer well-founded. There is evidence in the record to support the IJ's conclusion that country conditions have changed in the Ukraine because the Government is no longer condoning anti-Semitism. As noted in the Department of State Country Report on Human Rights Practices for 2000, the judiciary has begun to award religious property restitution to the Jewish community in Kiev and the Ukrainian central government actively discourages anti-Semitism by, for example, prosecuting publishers for the dissemination of anti-Semitic material.

As the IJ pointed out in his oral opinion, there is also evidence to support Anisovich's argument that anti-Semitism is alive and well in the Ukraine: ultra-nationalist groups regularly

5

publish anti-Semitic materials, and acts of anti-Semitism have declined in recent years but do continue to occur. Yet, as the IJ noted, there was no evidence that the Government currently tolerated the persecution of Jews. And, as publishers who do disseminate anti-Semitic materials are being prosecuted, there is no evidence that the Government is unable or unwilling to control those groups that are committing anti-Semitic acts. Gao, 299 F.3d at 272 (persecution must occur at hands of government or by forces government is unable or unwilling to control).

Under the deferential Elias-Zacarias standard of review, it is not enough that there is some evidence to support Anisovich's claims. Rather, we may only reverse "if a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Chang, 119 F.3d at 1060. We cannot say, on this record, that a reasonable fact-finder could not conclude that country conditions have changed. Nor has Anisovich met his burden of demonstrating that he has a reasonable fear of future persecution from a new source. As a result, we must affirm the decision of the BIA that Anisovich does not have a well-founded fear of future persecution.

Inasmuch as we affirm this conclusion, we also affirm the BIA's conclusion that Anisovich is not entitled to withholding of removal either under the INA or under CAT. Thus, we dismiss Anisovich's petition for review.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Thomas L. Ambro
Circuit Judge

6